**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 26-220** |
| | : | |
| **AMIR MARTIN** | : | |

**MURPHY, J.** **November 19, 2026**

# MEMORANDUM

Defendant Amir Martin seeks dismissal of an indictment charging him with possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). He argues that the charge infringes his Second Amendment rights. However, Mr. Martin's felony history, which includes drug trafficking and illegal firearm possession, presents sufficient dangerousness to support the constitutionality of his disarmament consistent with this Nation's historical tradition. We deny his motion.

## I. BACKGROUND

A one-count indictment against Mr. Martin charges that Mr. Martin, knowing that he had been previously convicted in the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). DI 1. At the time of the indictment, Mr. Martin had an extensive criminal history, which included four state felony convictions and two state misdemeanor convictions arising from three separate prosecutions. On May 28, 2014, Mr. Martin pleaded guilty to carrying a firearm without a license, a third-degree felony under 18 Pa. Cons. Stat. § 6106(a)(1). DI 26 at 1.[1] On June 9, 2015, Mr. Martin pleaded guilty to three additional felonies: possession with intent to deliver a controlled substance (35 P.S. § 780-

[1] We adopt the internal pagination of the parties' briefings.

113(a)(30)), conspiracy to commit that offense (18 Pa. Cons. Stat. § 903), and again carrying a firearm without a license (18 Pa. Cons. Stat. § 6106(a)(1)). *Id.* at 1-2. Additionally, although not relevant to this analysis, on September 7, 2021, Mr. Martin pleaded guilty to misdemeanor possession of a controlled substance under 35 P.S. § 780-113(a)(16) and second-degree misdemeanor resisting arrest under 18 Pa. Cons. Stat. § 5104. DI 24 at 11.

On September 30, 2026, Mr. Martin filed this motion to dismiss the indictment on the grounds that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied. DI 24. Mr. Martin primarily argues that the government cannot establish that his past felonies demonstrate that he is a present danger today sufficient to warrant a lifetime ban on firearm possession. *Id.* at 9-12.

## II. ANALYSIS

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Supreme Court has clarified that a legislature may only regulate firearm possession in a manner "consistent with this Nation's historical tradition." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). While individuals with past felony convictions still retain the protections of the Second Amendment, the Constitution permits disarming felons who pose "a clear threat of physical violence to another." *United States v. Rahimi*, 602 U.S. 680, 698 (2024); *Range v. Att'y Gen.*, 124 F.4th 218, 228 (3d Cir. 2024). That standard is met when an individual's past felony conviction shows a present "risk of physical violence." *United States v. Bost*, No. 24-1719, 2026 WL 3058147, at *5 (3d Cir. Oct. 13, 2026).

The firearm regulation at issue is 18 U.S.C. § 922(g)(1), which makes it unlawful for any

person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *See* DI 1.

**a. § 922(g)(1) is not facially unconstitutional under the Second Amendment.**

Mr. Martin first claims that the statute is facially unconstitutional under the Second Amendment. DI 24 at 6-9. To prevail on a facial challenge, a challenger must establish that "no set of circumstances exists" under which the statute would be constitutional. *United States v. Salerno*, 481 U.S. 739, 745 (1987). The Third Circuit has foreclosed the facial challenge here by recognizing several circumstances in which § 922(g)(1) may constitutionally be applied. *See Bost*, 2026 WL 3058147, at *2 ("§ 922(g)(1) is constitutional insofar as it disarms convicts who pose a risk of physical violence from misusing guns"); *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024) (holding § 922(g)(1) as constitutional as applied to an individual still serving a criminal sentence on federal supervised release); *United States v. Quailes*, 126 F.4th 215, 220-24 (3d Cir. 2025) (same for defendants serving state probation or parole). We deny Mr. Martin's facial challenge.

**b. § 922(g)(1) does not violate the Commerce Clause.**

Mr. Martin also challenges § 922(g)(1) under the Commerce Clause, although he acknowledges that binding precedent forecloses his argument. DI 24 at 14. We reject that challenge in turn because the Third Circuit has upheld § 922(g)(1) against Commerce Clause attacks. *See United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001); *Bost*, 2026 WL 3058147, at *7.

**c. § 922(g)(1) does not violate Mr. Martin's Second Amendment rights as-applied.**

We now therefore address the merits of Mr. Martin's as-applied challenge.[2] The issue is whether Mr. Martin's criminal history establishes that he is a convict who poses a risk of physical violence from misusing guns. *See Bost*, 2026 WL 3058147, at *2. Mr. Martin's criminal history confirms that § 922(g)(1) permissibly restricts the exercise of his Second Amendment rights because his predicate drug trafficking conviction, combined with his unlawful firearm possessions, presents the requisite risk of physical violence.

**1. Firearm convictions**

We note first that Mr. Martin's convictions for carrying a firearm without a license would

[2] Although not raised by the parties, we note the recent revival of the administrative process established by 18 U.S.C. § 925(c), through which individuals who are permanently prohibited from possessing firearms may apply to the Attorney General for restoration of their federal firearm rights. *See Williams v. Att'y Gen.*, No. 24-1091, 2026 WL 3059230, at *10-15 (3d Cir. Oct. 13, 2026) (Chagares, C.J., concurring in part, concurring in the judgment and dissenting in part). That process ordinarily provides the preferable avenue for individuals seeking rearmament, particularly where their circumstances have changed since their initial disarmament. Congress has established under § 925(c) a mechanism that permits consideration of changed circumstances without undermining the constitutional basis for the original disarmament. *See Williams*, 2026 WL 3059230, at *21 (Shwartz, J., dissenting). More importantly, channeling such requests through the Attorney General respects the separation of powers. Although it is the judiciary's responsibility to determine the constitutional limits of disarmament laws, the Executive Branch is entrusted with the discretionary authority to ensure the faithful execution of those laws as applied to different circumstances. *See* U.S. Const. art. II, § 3; *United States v. Bean*, 537 U.S. 71, 77 (2002). Accordingly, we believe that requiring exhaustion under § 925(c) should ordinarily be favored as the method to challenge permanent disarmament. But this case arises in a different posture, and the Third Circuit has expressly declined to require a criminal defendant to seek administrative relief before asserting a constitutional defense to prosecution under § 922(g)(1). *See Bost*, 2026 WL 3058147, at *2. Moreover, Mr. Martin's trial is scheduled to begin in less than three months, and the Attorney General has only recently implemented final regulations governing the administrative process. *See Williams*, 2026 WL 3059230, at *18 (Freeman, J., concurring in part and dissenting in part, and dissenting in the judgment). We therefore do not require Mr. Martin to pursue administrative relief before considering his constitutional challenge here.

not, standing alone, establish the requisite dangerousness to justify his disarmament under our Nation's historical tradition of firearm regulation. Although the convictions constitute felonies under Pennsylvania law, *see* 18 Pa. Cons. Stat. § 6106(a)(1), the grading of an offense does not itself establish that the defendant poses a risk of physical violence from misusing firearms. *See Range*, 124 F.4th at 230-31. Moreover, § 6106(a)(1) prohibits carrying a firearm concealed on one's person or in a vehicle without a valid license; it does not require proof that the defendant used the firearm unlawfully, threatened another person, or otherwise engaged in violent conduct. *Commonwealth v. Hewlett*, 189 A.3d 1004, 1009 (Pa. Super. Ct. 2018). That distinction is constitutionally significant. Our Nation's historical tradition contemplates that peaceable individuals may possess and carry firearms for lawful purposes. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 32-33 (2022). While failure to comply with a state firearm law should be considered "at least arguably dangerous," we do not think § 6106(a)(1) alone establishes a constitutionally sufficient basis for depriving Mr. Martin of his Second Amendment right. *See United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir. 2024). The crime consists of no wrongdoing directed at another and the statute's elements have no physical force requirement. *See Bost*, 2026 WL 3058147, at *5-6.

**2. Drug trafficking convictions**

Drug trafficking, on the other hand, is an offense we believe more closely associated with circumstances presenting a risk of physical violence. The Third Circuit in *Bost* left the issue of drug distribution's "dangerousness" under § 922(g)(1) for the district courts to decide. *See Bost*, 2026 WL 3058147, at *8 (Shwartz, J., concurring) ("Similarly, there are crimes one judge may think present the risk of physical violence from the misuse of a gun, like drug distribution, that

another could conclude does not because physical force is not an element of the offense"). Like the firearm charges, Pennsylvania's drug trafficking statute requires no physical force element. 35 P.S. § 780-113(a)(30). However, unlike the firearm charges, we believe a drug trafficker intentionally directs wrongdoing at another so as to warrant "dangerousness" under the Third Circuit's jurisprudence. We find a long-standing recognition of the relationship between firearms and narcotics trafficking as evidence that disarming drug traffickers is well within this Nation's tradition of firearm regulation. *See United States v. Adams*, 759 F.2d 1099, 1108-09 (3d Cir. 1985); *United States v. Womack*, 55 F.4th 219, 235 (3d Cir. 2022). Although not every drug trafficking case involves weapons, it is no secret that firearms often function as tools of the drug trade to provide protection for illegal trafficking operations. *See United States v. Price*, 13 F.3d 711, 719 (3d Cir. 1994). These considerations distinguish drug trafficking from offenses involving mere possession of firearms; the unlawful distribution of narcotics has no lawful purpose and creates a foreseeable risk of illegal gun violence to protect illegal commodities and transactions. *See United States v. Roach*, No. 24-cr-77, 2025 WL 871618, at *2 (E.D. Pa. Mar. 20, 2025); *United States v. Mollett*, No. 21-cr-16-21, 2025 WL 564885, at *7 (W.D. Pa. Feb. 20, 2025); *United States v. Newkirk*, No. 20-cr-623, 2024 WL 3518109, at *8 (D.N.J. July 23, 2024).

Other courts of appeals have expressly connected these dangers to our Nation's historical tradition of firearm regulation. In *United States v. Kimble*, the Fifth Circuit concluded that § 922(g)(1) constitutionally disarms individuals convicted of drug-trafficking felonies because the inherent dangers of the drug trade place such offenders within the historical tradition of disarming persons who threaten public safety. 142 F.4th 308, 314-18 (5th Cir. 2025). Likewise, the Seventh Circuit held that a prior conviction for possession with intent to distribute cocaine

provided a constitutionally sufficient basis for disarmament due to the recognized relationship between drug trafficking, firearms, and physical violence. *United States v. Watson*, 171 F.4th 1012, 1023-25 (7th Cir. 2026). We agree. *See also Harmelin v. Michigan*, 501 U.S. 957, 1002-03 (1991) (Kennedy, J., concurring). The illicit drug trade poses precisely the kind of threat to physical safety that the Second Amendment's historical tradition of disarming dangerous, non-peaceable individuals was intended to address. *See Bruen*, 597 U.S. at 32-33. There is no lawful purpose for trafficking illegal narcotics and the risk of physical harm to another is plainly evident. *See Rahimi*, 602 U.S. at 698.

**3. Mr. Martin's Combined Drug and Firearm Convictions**

Considering Mr. Martin's firearm convictions together with drug trafficking make the result even more clear. *See United States v. Blackshear*, No. 23-cr-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993)) ("Drugs and guns are a 'dangerous combination' that increases the risk of violence"). These crimes, taken together, demonstrate that Mr. Martin, if armed, would pose a danger to society. *See United States v. Green*, No. 22-cr-387, 2023 WL 6164407, at *2 (E.D. Pa. Sept. 21, 2023); *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 287 (2025); *Muscarello v. United States*, 524 U.S. 125, 132 (1998); *Richards v. Wisconsin*, 520 U.S. 385, 391 n.2 (1997). Although the record here does not establish that Mr. Martin ever used a firearm to threaten another person, the combination of his drug trafficking conviction and his illegal firearm convictions is substantially more closely associated with armed violence than the nonviolent fraud at issue in *Range* and, we believe, sufficiently "dangerous" in terms of our Nation's history to survive a Second Amendment challenge.

## III. CONCLUSION

The Second Amendment permits Congress to categorically disarm individuals convicted of violent felonies. For Mr. Martin's criminal history, taken together, § 922(g)(1) is clearly constitutional as applied and we deny his motion accordingly.